UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Derek Lindia and Lisa Faria,

Plaintiffs,

vs.

Industrial Motors, Inc.,

Defendant.

CA 07 302 ML

Jury Trial Requested

## Complaint

### Introduction

1. The Plaintiffs assert the Defendant, a used car dealership, sold them a used Chevy Tahoe with an altered odometer in violation of federal and state law, and then refused to buy the vehicle back from them as required by Rhode Island Law. They seek to recover actual, statutory and punitive damages, reasonable attorney fees, and costs. The federal claims are premised subchapter IV of the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 et seq., commonly known as the Federal Odometer Act.

The Plaintiffs also allege the Defendant, in selling the Tahoe with the faulty odometer, a) engaged in an unfair and deceptive trade practice in violation of Rhode Island law; b) breached its contract with the Plaintiffs; c) committed common law fraud; and/or d) negligently made false representations to the Plaintiffs.

**Parties/Jurisdiction/Venue**

2. The Plaintiffs Derek Lindia and Lisa Faria are husband and wife and are residents of Brooklyn, Connecticut.
3. The Defendant Industrial Motors, Inc., is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Pawtucket, Rhode Island.
4. The transaction that gave raise to this Complaint took place in Pawtucket, Rhode Island.
5. This Court has jurisdiction over the federal claims in this matter pursuant to 49 U.S.C. § 32710(b), 28 U.S.C. §§ 1331 and 1337.
6. This Court has jurisdiction over the state law claims in this matter pursuant to the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

**Facts Common To All Counts**

7. In late September 2006, the Plaintiffs informed the Defendant, Industrial Motors, Inc. (Industrial), that they were shopping for a vehicle for their personal and family use that would be large enough to carry themselves, their children, and their child seats at the same time.
8. In late September 2006, Industrial represented to the Plaintiffs that it had a used 2003 Chevy Tahoe, bearing VIN 1GNEK13VX3J199271 (Tahoe), for sale.
9. Industrial represented to the Plaintiffs that the Tahoe had been driven 38,688 miles.
10. Industrial represented to the Plaintiffs that the Tahoe had an accurate odometer.
11. Industrial represented to the Plaintiffs that the Tahoe's odometer had not been tampered with.
12. Industrial represented to the Plaintiffs that the Tahoe was in marketable condition such that it could pass in the used car trade to consumers without objection.

13. Industrial represented to the Plaintiffs that the Tahoe was suitable for the purpose the Plaintiffs intended to use it for.
14. In reasonable reliance on Industrial's representations itemized in paragraphs 9 through 13 (hereinafter "Representations"), the Plaintiffs purchased the Tahoe from Industrial for their personal and family use.
15. The Representations related to facts that were material to consumers trying to evaluate the value of the Tahoe and trying to decide whether or not to purchase it.
16. The Representations were false.
17. The Plaintiffs suffered damages as a result of their reasonable reliance on Industrial's false Representations.
18. When the Plaintiffs learned the odometer had been tampered with, and it did not accurately reflect the mileage the Tahoe had been driven, they informed Industrial and requested Industrial take the Tahoe back and refund them their money.
19. Industrial would not refund the Plaintiffs their money.
20. After the Plaintiffs told Industrial the odometer had been tampered with, Industrial gave them a check for $1,000 on which it wrote "NO MORE RECOURSE ON TRUCK 03".

**Count 1 – Federal Odometer Act**

21. The Plaintiffs re-assert the facts and allegations contained in all the prior paragraphs and incorporate them into this Count.
22. In the transaction between the Plaintiffs and the Defendant, Industrial was a transferor within the terms of the Federal Odometer Act, codified at 49 U.S.C. § 32701, *et. seq.*.
23. In the transaction between the Plaintiffs and the Defendant, the Plaintiffs were transferees within the terms of the Federal Odometer Act.
24. On the title documents transferring the Tahoe to the Plaintiffs, Industrial:
    a. disclosed and stated the Tahoe had been driven 38,688;

b. certified that the odometer reading to the best of its knowledge reflected the actual mileage of the automobile; and

c. certified that the odometer was not altered, set back or disconnected while in its possession and that it had no knowledge of anyone else doing so.

25. Industrial's representations and disclosures on the title documents were false.

26. Industrial made the Representations knowing they were false.

27. Industrial made the Representations with reckless disregard for their truth or falsity.

28. Industrial's conduct violated the Federal Odometer Act in one or more of the following respects:

a. Industrial altered, or caused to be altered, the Tahoe's odometer with the intent to change the number of miles indicated thereon in violation of 49 U.S.C. § 32703(2);

b. Industrial operated the Tahoe on a street, road or highway knowing the odometer had been disconnected or was not operating in violation of 49 USC § 32703(3);

c. Industrial, in making the odometer disclosures, conspired to give, and gave, false statements to a transferee in violation of 49 USC § 32703(4), 49 U.S.C. § 32705(a), and 49 C.F.R. § 580.4.

29. Industrial violated the Federal Odometer Act with the intent to defraud.

30. The Plaintiffs suffered damages as a result of Industrial's conduct.

**Wherefore**, on this Count the Plaintiffs request:

a. judgment in their favor against Industrial for the greater of the sum of their actual damages or $1,500, pursuant to 49 USC 32710(a);

b. judgment in their favor for costs, litigation expenses and mandatory attorney fees, pursuant to 49 USC 32710(b);

c. judgment in their favor for costs;

d. such other relief as the Court may deem just and appropriate.

**Count 2 – Rhode Island Motor Vehicles Code**

31. The Plaintiffs re-assert the facts and allegations contained in all the prior paragraphs and incorporate them into this Count.
32. Industrial is a used car dealer licensed by the State of Rhode Island and is subject to the Rhode Island laws and regulations applicable to the holders of such licenses.
33. The Tahoe Industrial sold the Plaintiffs had an altered odometer.
34. The odometer in the Tahoe did not accurately reflect the mileage the Tahoe had been driven.
35. More than 30 days prior to filing this Complaint, Industrial received a letter the Plaintiffs caused to be sent to it via registered mail (Letter).
36. In the Letter, the Plaintiffs told Industrial the odometer had been tampered with and they requested Industrial refund their money or replace the vehicle.
37. The Letter contained all of the information specified in Rhode Island General Law 31-23.2-8.
38. A copy of the Letter is attached as Exhibit A.
39. Pursuant to Rhode Island law, Industrial is strictly liable to the Plaintiffs for selling them a vehicle with an altered and inaccurate odometer.
40. Industrial did not refund the Plaintiffs their money and did not replace the vehicle.
41. Industrial deliberately and maliciously did not refund the Plaintiffs their money and did not replace the vehicle.
42. Industrial's conduct described in paragraph 40 violated Rhode Island laws and regulations governing car dealers including, but not limited to, RIGL 31-23.2-8 and 31-5-15.
43. The Plaintiffs suffered damages as a result of Industrial's conduct.

**Wherefore**, on this Count the Plaintiffs request:

a. judgment in their favor against Industrial for a sum equal to three (3) times their damages pursuant to RIGL 31-23.2-8 (a);
b. judgment in their favor for costs, litigation expenses and attorney fees pursuant to RIGL 31-23.2-8 (a);
c. judgment in their favor for punitive damages pursuant to RIGL 31-23.2-8 (a); and
d. such other relief as the Court may deem just and appropriate.

**Count 3 – Fraud**

44. The Plaintiffs re-assert the facts and allegations contained in all the prior paragraphs and incorporate them into this Count.
45. Industrial intentionally made the Representations knowing they were false.
46. Industrial made the Representations with reckless disregard for their truth or falsity.
47. Industrial made the Representations with the intent of deceiving the Plaintiffs.
48. Industrial's Representations deceived the Plaintiffs.
49. Industrial made the Representations intentionally and maliciously.
50. The Plaintiffs suffered damages as a result of their reasonable reliance on Industrial's false Representations.

**Wherefore**, on this Count the Plaintiffs request:

a. judgment in their favor against Industrial for a sum equal their damages;
b. judgment in their favor for costs, litigation expenses and attorney fees;
c. judgment in their favor for punitive damages; and
d. such other relief as the Court may deem just and appropriate.

**Count 4 – Negligent Misrepresentation**

51. The Plaintiffs re-assert the facts and allegations contained in all the prior paragraphs and incorporate them into this Count.
52. Industrial made the Representations without exercising due care to determine their truth or falsity.
53. Industrial's Representations deceived the Plaintiffs.
54. The Plaintiffs suffered damages as a result of their reasonable reliance on Industrial's false Representations.

**Wherefore**, on this Count the Plaintiffs request:

a. judgment in their favor against Industrial for a sum equal their damages;
b. judgment in their favor for costs, litigation expenses and attorney fees; and
c. such other relief as the Court may deem just and appropriate.

**Count 5 - Deceptive Trade Practice**

55. The Plaintiffs re-assert the facts and allegations contained in all the prior paragraphs and incorporate them into this Count.
56. In its dealings with the Plaintiffs, Industrial violated the Rhode Island Tampering With Odometers Act in one or more of the following respects:
    a. Industrial sold the Tahoe with a device installed which caused the odometer to register a mileage other than the true mileage driven in violation of RIGL 31-23.2-3;
    b. Industrial used the Tahoe with a device installed which caused the odometer to register a mileage other than the true mileage driven in violation of RIGL 31-23.2-3;

c. Industrial installed, or had installed, a device in the Tahoe which caused the odometer to register a mileage other than the true mileage driven in violation of RIGL 31-23.2-3;

d. Industrial disconnected, reset or altered the odometer on the Tahoe with the intent to reduce the number of miles indicated on it in violation of RIGL 31-23.2-4;

e. Industrial refused to refund the Plaintiffs their money, and refused to provide them a replacement vehicle, within thirty (30) days after receiving a demand from the Plaintiffs in violation of RIGL 31-23.2-8.

57. Industrial violated the Deceptive Trade Practices Act intentionally and maliciously.

58. Pursuant to RIGL 31-23.2-11, Industrial's conduct described in this Count constituted a deceptive trade practice in violation of RIGL 6-13.1-2.

59. The Plaintiffs suffered damages as a result of Industrial deceptive trade practice.

**Wherefore**, on this Count the Plaintiffs request:

a. judgment in their favor for a sum equal to the greater of their damages or $200 pursuant to RIGL 6-13.1-5.2 (a);

b. judgment in their favor for costs, litigation expenses and attorney fees pursuant to RIGL 6-13.1-5.2(c);

c. judgment in their favor for punitive damages pursuant to RIGL 6-13.1-5.2(a); and

d. such other relief as the Court may deem just and appropriate.

**Count 6 – Breach of Contract**

60. The Plaintiffs re-assert the facts and allegations contained in all the prior paragraphs and incorporate them into this Count.

61. The Plaintiffs contracted to purchase, and Industrial contracted to sell them, the Tahoe with an accurate odometer.

62. The Plaintiffs fulfilled all their obligations under their contract with Industrial.

63. Industrial breached its contract with the Plaintiffs by selling them a Tahoe with a tampered with odometer.
64. Industrial breached its contract with the Plaintiffs by selling them a Tahoe with an inaccurate odometer reading.
65. Industrial breached its contract with the Plaintiffs by selling them a Tahoe that was not merchantable.
66. Industrial breached its contract with the Plaintiffs intentionally and maliciously.
67. Industrial breached its contract with the Plaintiffs despite having no justiciable issue of either law or fact that would have justified its breach.
68. The Plaintiffs suffered damages as a result of Industrial breach of the contract.

**Wherefore**, on this Count the Plaintiffs request:

a. judgment in their favor against Industrial for a sum equal their damages;
b. judgment in their favor for costs;
c. judgment in their favor for litigation expenses and attorney fees pursuant to RIGL 9-1-45;
d. judgment in their favor for punitive damages; and
e. such other relief as the Court may deem just and appropriate.

**Jury Demand**

The Plaintiffs request a trial by jury on all counts.

The Plaintiffs,
By their Attorney,

John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com