JOHN T. LONGO, ESQ.
ATTORNEY-AT-LAW

July 3, 2007

Paul Chalmers, President
Industrial Motors
31 Link Street
Pawtucket, RI 02861 Via Registered Mail, Return Receipt Requested

George Shabo, Registered Agent
Industrial Motors
125 Glen Meadows Drive
Pawtucket, RI 02861 Via First Class Mail

RE: Derek Lindia & Lisa Faria
2003 Chevy Tahoe
VIN# 1GNEK13VX3J199271

**Exhibit A**
**Complaint**
**Lindia & Faria v Industrial Motors, Inc.**

My File #: A 2737

Dear Mr. Chalmers and Mr. Shabo:

I represent Derek Lindia and Lisa Faria in their dispute with you regarding the above captioned 2003 Chevy Tahoe. They maintain that on or about September 28, 2006, Industrial Motors sold them the Tahoe for $15,990.00 with an odometer that had been illegally tampered with.

Since they bought the Tahoe my clients have made the following repairs to it:

- Attempted to repair the rear door latch and rear door locks;
- Installed daytime running lights;
- Replaced a leaking power steering pump;
- Changed its oil and oil filter on several occasions;
- Repaired the rear drive shaft and replaced the rear U-joint;
- Replaced a blower motor resister;

The Tahoe's odometer presently reads: 49,095

In addition to the price they paid you for the Tahoe, my clients also paid $2,210 for an extended warranty, they paid $974 in sales tax, $135 in registration fees, and they have paid insurance premiums for the vehicle and interest on the loan they obtained to pay for the vehicle.

Pursuant to RIGL 31-23.2-8 my clients are requesting you refund them their money or replace the vehicle within 30 days. This request is made without waiving any rights or

681 SMITH STREET, SUITE 201 • PROVIDENCE, RI • 02908
PHONE: (401) 272-2177 • FAX: (401) 274-5433 jtlongo@yahoo.com

other claims they may have against you including any asserting fraud, negligent misrepresentation and/or breach of contract, and including any under the federal Odometer Act, the Uniform Commercial Code, or any other laws or regulations.

As a licensed auto dealer, I trust you are aware of the civil and criminal penalties for dealing in vehicles with altered odometers. But in the hope of quickly resolving this matter I will merely point out the language of RIGL 31-5-15:

> (b) The department finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of the vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; and that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability. For the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers, licensed motor vehicle dealers are directly responsible to their retail/wholesale customers to repurchase the motor vehicles bearing altered or reset odometers for the original selling price paid by the customer, or an amount as determined by the department.

While my clients hope this matter can be resolved amicably, they have authorized me to, and paid me to, file suit against you if this matter is not completely resolved within 30 days.

My clients have observed that a toggle switch deactivates the odometer and they see no need to have a dealership verify that. If you are willing to live up to your obligations under the law, I can arrange a simple test drive for you so you can see the effect of the toggle switch yourself.

Please contact me if you would like to discuss this matter.

Sincerely,

John T. Longo

CC: Clients