UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEREK LINDIA AND
LISA FARIA

VS. C.A.NO: 07-302ML

INDUSTRIAL MOTORS, INC.

**DEFENDANT, INDUSTRIAL MOTORS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

1. It is admitted that the Defendant is a used car dealership and sold the Plaintiffs a used Chevy Tahoe. The remainder of the allegations of paragraph one (1) are denied. The Defendant further states that the remainder of the allegations of paragraph one (1), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

The Defendant denies the remaining allegations of paragraph one (1) of this Complaint.

**Parties/Jurisdiction/Venue**

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph two (2), and calls upon the Plaintiffs to prove the same.

3. The allegations of paragraph three (3) are admitted.

4. The allegations of paragraph four (4), can neither be admitted nor denied as they state conclusions of law rather than factual assertions. The Defendant admits that its principal place of business is in Pawtucket, Rhode Island.

5. The allegations of paragraph five (5) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

6. The allegations of paragraph six (6), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

**Facts Common To All Counts**

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seven (7), and calls upon the Plaintiff to prove the same.

8. The allegations of paragraph eight (8) are admitted.

9. The Defendant admits that at the time the Plaintiff purchased the vehicle, the odometer read 38,688 miles.

10. The Defendant admits that at the time the Plaintiff purchased the vehicle, the Defendant believed that the Tahoe had an accurate odometer.

11. The Defendant admits that it had no information that the Tahoe's odometer had been tampered with.

12. The allegations of paragraph twelve (12) are admitted.

13. The Defendant admits that the vehicle was suitable for operating on a roadway. The Defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph thirteen (13), and calls upon the Plaintiff to prove the same.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph fourteen (14), and calls upon the Plaintiff to prove the same.

15. The allegations of paragraph fifteen (15), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

16. The allegations of paragraph sixteen (16) are denied.

17. The allegations of paragraph seventeen (17) are denied.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighteen (18), except that it is admitted that the Plaintiff requested Industrial take the Tahoe back and refund the Plaintiffs their money.

19. The allegations of paragraph nineteen (19) are denied.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph twenty (20), except it is admitted that Industrial gave the Plaintiffs a check for $1,000 on which it was written "No More Recourse On Truck 03".

**Count 1 – Federal Odometer Act**

21. The Defendant realleges and incorporates its answers to paragraphs one (1) through twenty (20) of this Answer.

22. The allegations of Count 1, paragraph twenty-two (22), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

23. The allegations of Count 1, paragraph twenty-three (23), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

24. The allegations of Count 1, paragraph twenty-four (24) are admitted.

25. The allegations of Count 1, paragraph twenty-five (25) are denied.

26. The allegations of Count 1, paragraph twenty-six (26) are denied.

27. The allegations of Count 1, paragraph twenty-seven (27) are denied.

28. The allegations of Count 1, paragraph twenty-eight (28) are denied.

29. The allegations of Count 1, paragraph twenty-nine (29) are denied.

30. The allegations of Count 1, paragraph thirty (30) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys' fees.

**Count 2 – Rhode Island Motor Vehicles Code**

31. The Defendant realleges and incorporates its answers to paragraphs one (1) through thirty (30) of this Answer.

32. The allegations of Count 2 - paragraph thirty-two (32) are admitted.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 2, paragraph thirty-three (33), and calls upon the Plaintiff to prove the same.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 2, paragraph thirty-four (34), and calls upon the Plaintiff to prove the same.

35. The allegations of Count 2, paragraph thirty-five (35) are admitted.

36. The allegations of Count 2, paragraph thirty-six (36) are admitted.

37. The allegations of Count 2, paragraph thirty-seven (37), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

38. The allegations of Count 2, paragraph thirty-eight (38) are admitted.

39. The allegations of Count 2, paragraph thirty-nine (39), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

40. The allegations of Count 2, paragraph forty (40) are admitted.

41. The allegations of Count 2, paragraph forty-one (41) are denied.

42. The allegations of Count 2, paragraph forty-two (42), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

43. The allegations of Count 2, paragraph forty-three (43) are denied.

WHEREFORE, the Defendant demands that the Plaintiff’s Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys’ fees.

**Count 3 – Fraud**

44. The Defendant realleges and incorporates its answers to paragraphs one (1) through forty-three (43) of this Answer.

45. The allegations of Count 3, paragraph forty-five (45) are denied.

46. The allegations of Count 3, paragraph forty-six (46) are denied.

47. The allegations of Count 3, paragraph forty-seven (47) are denied.

48. The allegations of Count 3, paragraph forty-eight (48) are denied.

49. The allegations of Count 3, paragraph forty-nine (49) are denied.

50. The allegations of Count 3, paragraph fifty (50) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys' fees.

**Count 4 – Negligent Misrepresentation**

51. The Defendant realleges and incorporates its answers to paragraphs one (1) through fifty (50) of this Answer.

52. The allegations of Count 4, paragraph fifty-two (52) are denied.

53. The allegations of Count 4, paragraph fifty-three (53) are denied.

54. The allegations of Count 4, paragraph fifty-four (54) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys' fees.

**Count 5 – Deceptive Trade Practice**

55. The Defendant realleges and incorporates its answers to paragraphs one (1) through fifty-four (54) of this Answer.

56. The allegations of Count 5, paragraph fifty-six (56) are denied.

57. The allegations of Count 5, paragraph fifty-seven (57) are denied.

58. The allegations of Count 5, paragraph fifty-eight (58), can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

59. The allegations of Count 5, paragraph fifty-nine (59) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys' fees.

**Count 6- Breach of Contract**

60. The Defendant realleges and incorporates its answers to paragraphs one (1) through fifty-nine (59) of this Answer.

61. The allegations of Count 6, paragraph sixty-one (61) are admitted.

62. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count 6, paragraph sixty-two (62), and calls upon the Plaintiff to prove the same.

63. The allegations of Count 6, paragraph sixty-three (63) are denied.

64. The allegations of Count 6, paragraph sixty-four (64) are denied.

65. The allegations of Count 6, paragraph sixty-five (65) are denied.

66. The allegations of Count 6, paragraph sixty-six (66) are denied.

67. The allegations of Count 6, paragraph sixty-seven (67) are denied.

68. The allegations of Count 6, paragraph sixty-eight (68) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged were subject to a condition precedent which has not been fulfilled; to wit, the Plaintiffs did not allow the Defendant to view and inspect the vehicle to confirm the Plaintiff's allegations.

### Second Affirmative Defense

The alleged acts of the Defendant were justified under the facts and circumstances of this case.

Defendant
Industrial Motors, Inc.
By its attorneys,

*/s/ Lauren D. Wilkins*_______
Lauren D. Wilkins, Esq. #3239
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970

Dated: September 19, 2007

Defendant hereby requests a trial by jury.

## CERTIFICATION

I hereby certify that I mailed a true copy of the within to **John Longo, Esquire,** 681 Smith Street, Suite 201, Providence, RI 02908 on the 19th day of September, 2007.

*Lauren D. Wilkins*__________